IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DEMETRIUS EUGENE MOORE,
    Plaintiff,

vs.                                    Case No.: 3:16cv415/LAC/EMT

CORRECTIONAL OFFICER ECKOLS, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Demetrius Eugene Moore ("Moore"), a non-prisoner proceeding pro se and in forma pauperis, commenced this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 (ECF No. 1). The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(E); *see also* 28 U.S.C. § 636(b)(1)(B)(C); Fed. R. Civ. P. 72(b). After careful consideration of all issues raised by Moore, it is the opinion of the undersigned that dismissal of this action is warranted.

I.    MOORE'S ALLEGATIONS

Moore names three prison officials from the Florida Department of Corrections ("FDOC") as Defendants (ECF No. 1 at 1–2). Moore identifies only one of those

officials, Correctional Officer Eckols, and lists the other two officials as "Correctional Officer" and "Correctional Sergeant" (*id.*). Moore alleges that "on or around December 23rd," while he was housed at the Santa Rosa Correctional Institution Annex, he reported a rape to the FDOC's Inspector General's Office (*id.* at 3). He alleges that while "waiting" in his cell, he fell asleep (*id.*). Moore alleges, "I forgot to put a white piece of paper above my door as I normally do to deter any perpetrators from entering my cell." (*id.*). Moore alleges after he awoke, he was informed by Sergeant Lighty and the Assistant Warden that Defendants entered his cell while he was asleep and "gave a statement of facts that they, without medical personnel, conducted a rape exam" (*id.*). Moore alleges he immediately told the Sergeant and Assistant Warden that the officers raped him, and inquired as to whether they would be arrested (*id.*). Moore alleges none of the requirements of the Prison Rape Elimination Act ("PREA") were followed—he was not provided a medical examination, he was not interviewed by the Inspector General's Office, and he was not taken to the hospital (*id.*).

Moore claims that Defendants' raping him violated the Eighth Amendment and his equal protection rights under the Fourteenth Amendment (ECF No. 1 at 4). As relief, he requests that Defendants be criminally prosecuted (*id.*). He also seeks $10,000,000.00 (*id.*).

Case No.: 3:16cv415/LAC/EMT

## II.     ANALYSIS

Because Moore is proceeding in forma pauperis, the court may dismiss a claim if satisfied that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In cases in which Florida is the forum state, as here, a plaintiff in a § 1983 action has four years to file suit. *See* Chappell v. Rich, 340 F.3d 1279, 1283 (11th Cir. 2003). An action accrues at the time the plaintiff knew or had reason to know of his claims. *See* Uboh v. Reno, 141 F.3d 1000, 1002 (11th Cir. 1998). Dismissal of a prisoner's complaint as time-barred prior to service is appropriate if it "appear[s] beyond a doubt from the complaint itself that [the prisoner] can prove no set of facts which would avoid a statute of limitations bar." Hughes v. Lott, 350 F.3d 1157, 1163 (11th Cir. 2003) (citing Leal v. Ga. Dep't of Corr., 254 F.3d 1276, 1280 (11th Cir. 2001)); *see also* Tello v. Dean Witter Reynolds, Inc., 410 F.3d 1275, 1288 n.13 (11th Cir. 2005) ("At the motion-to-dismiss stage, a complaint may be dismissed on the basis of a statute-of-limitations defense only if it appears beyond a doubt that Plaintiffs can prove no set of facts that toll the statute.")

Here, Moore alleges that Defendants' conduct occurred on "December 23rd," but he does not indicate the year. However, Moore attached to his complaint a copy

Case No.:  3:16cv415/LAC/EMT

of a public records request he submitted to the FDOC on March 13, 2015, in which he requested "all video and inmates requests (his) [sic] **12/15–31/2009** regarding an incident of rape occurring during that time frame at SRCI or SRCI Annex" (ECF No. 1 at 7) (emphasis added).[1]  It is thus evident that the conduct of which he complains occurred on or about December 23, 2009.  Moore filed the instant § 1983 complaint on August 23, 2016, more than six years after he knew, or had reason to know, of his claims.  Though Moore was incarcerated during some of that time (public information available on the FDOC website indicates that Moore was in custody from June 7, 2006 to June 27, 2014), that fact does not permit him to avoid the statute of limitations bar.  Because it appears beyond a doubt from the complaint itself that Moore can prove no set of facts which would avoid a statute of limitations bar, his complaint should be dismissed.

Accordingly, it is respectfully **RECOMMENDED**:

1.   That this case be **DISMISSED** as barred by the statute of limitations, pursuant to 28 U.S.C. § 1915(e)(2)(B).

2.   That the clerk be directed to enter judgment accordingly and close the file.

---

[1] The page references used in this Report reflect the page numbers as enumerated in the court's electronic docketing system.

Case No.: 3:16cv415/LAC/EMT

At Pensacola, Florida, this 2<u>nd</u> day of September 2016.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

# NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**